

NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

In re:                              *

ALEXUS INTERNATIONAL, INC.,         *       Case No. 04-26864-NVA
                                            (Chapter 7)
      Debtor.                       *

*   *   *   *   *   *   *   *   *   *   *   *   *

**MEMORANDUM OF DECISION IN SUPPORT OF INTERIM
ORDER GRANTING APPLICATIONS [185] AND [189] FOR ALLOWANCE
OF COMPENSATION OF PROFESSIONALS PALEY, ROTHMAN, GOLDSTEIN,
ROSENBERG, EIG & COOPER, CHTD. AND SAUL EWING LLP**

On February 1, 2005, the Court conducted a hearing (the "Hearing") to consider six applications for compensation submitted by various professionals for services rendered and reimbursement of expenses incurred on behalf of the Debtor and/or the Official Committee of Unsecured Creditors (collectively, the "Fee Applications") before the case was converted from a case under Chapter 11 of the Bankruptcy Code to a case under Chapter 7 of the Bankruptcy Code.  On May 12, 2005, the Court entered an Order granting the Fee Application of Executive Sounding Board Associates, Inc. [249].  On May 16, 2005, the Court entered an Order granting the Fee Application of Tranzon Fox [251].  On May 16, 2005, the Court also entered an Order granting the Fee Application of Jeffrey Kohne, CPA and Kositzka, Wicks & Company [252].

The Fee Applications and amounts sought by the remaining professionals are as follows:[1]

1. First and Final Application for Approval of Fees and Expenses for Paley, Rothman, Goldstein, Rosenberg, Eig & Cooper Chtd. ("Paley Rothman"), subsequent counsel for the Debtor: fees in the amount of $81,916.50 and expenses in the amount of $5,038.74 [185];[2]

2. First Application for Allowance of Interim Compensation for Saul Ewing LLP ("Saul Ewing"), counsel for the Official Committee of Unsecured Creditors (the "Committee"): fees in the amount of $54,500.00 and expenses in the amount of $1,121.25 [189].[3]

On December 6, 2004, an unsecured creditor of the Debtor, Quince Diamond Limited Partnership ("Quince Diamond"), filed an objection to the Fee Applications of Paley Rothman and Saul Ewing [198], asking the Court to consider all Fee Applications together in light of the Debtor's possible administrative insolvency. On January 24, 2005, the Debtor's former counsel, Garza, Regan & Associates ("Garza"), filed an objection to Paley Rothman's Fee Application [225] and an objection to Saul Ewing's Fee Application [226], although only as to payment and not as to allowance of the amounts sought therein. Garza objected to both of these Fee Applications in order to preserve whatever rights it may have to pursue indemnification and/or cross-claims against Paley Rothman and Saul Ewing.

As the Debtor's former counsel, Garza had also filed its own fee application which is addressed by separate Order (*see* fn. 1, herein). At the Hearing, the Chapter 7 Trustee asked the Court to defer entering an order regarding the Garza fee application for 90 days so that she could

---

[1] The First and Final Application [165] for Allowance of Compensation and Reimbursement of Expenses for Garza, Regan & Associates, prior counsel for the Debtor, is dealt with by separate order.

[2] The Court notes that Paley Rothman holds a retainer in the amount of $30,000, and also holds in escrow the amount of $33,250 representing proceeds from the sale of certain assets. Paley Rothman seeks to apply both the retainer and the sale proceeds to the amount sought in its Fee Application.

[3] The Court notes that Saul Ewing holds a retainer in the amount of $10,000, which it is not requesting be applied to the amount sought in its Fee Application.

investigate the necessity for further action against Garza without running afoul of *res judicata* principles set forth in *Grausz v. Englander*, 321 F. 3d. 467 (4th Cir. 2003).  The Chapter 7 Trustee appears to be concerned that allowance of Garza's fee application may bar her under *Grausz* from pursuing a potential claim against Garza, the merits of which she had not evaluated at the time of the Hearing.  The court in *Grausz* found, among other things, that the order approving the law firm's final fee application was a final judgment on the merits, that the debtor-client could not bring a malpractice claim against his lawyers because he did not object to their fee application, which fee application sought compensation for the very services he later said he found unsatisfactory.  *Grausz*, 321 F. 3d at 472.  The *Grausz* court also held that the malpractice action arose from the same core of operative facts as the fee application, and that the Debtor's malpractice claim was barred by principles of *res judicata.  Id.* at 473.

     As a consequence of these concerns raised by the Trustee, the Court announced at the Hearing that its ruling would be limited to the allowance of fees and that no record or ruling was made as to any alleged malpractice of the Garza firm or of Mr. Garza individually, or as to any indemnification or other claims Garza may have against others.  The Court also asked all applying counsel whether they would agree to the entry of an order awarding fees and reimbursement of expenses on an <u>interim</u> basis without prejudice to further review by this Court, and without prejudice to any claim or cross-claim of any party in interest.  The Court notes that Saul Ewing's Fee Application was already a request for interim allowance of fees.  However, Saul Ewing indicated on the record that it was willing to accept an interim fee award for this purpose, and Paley Rothman also agreed to do so.  Section 331 of the Bankruptcy Code permits interim compensation, and orders entered allowing interim fees are not final orders.  11 U.S.C.

§331; *Guinee v. Toombs (In re Kearing)*, 170 B.R. 1, 12 (citing *In re Callister*, 673 F. 2d 305, 307 (10th Cir. 1982); *see also In re Energy Cooperative, Inc.*, 55 B.R. 957, 965 (interim allowance of fees is always subject to court's re-examination and are refundable to the estate in cases of misconduct).

  Accordingly, having considered the Paley Rothman Fee Application and the Saul Ewing Fee Application, the objections thereto, the testimony, pleadings and the record in this matter, the Court finds that the amounts sought by Paley Rothman and by Saul Ewing are reasonable and appropriate and will enter an order granting the relief requested.  The Court further finds that Paley Rothman may apply the retainer in the amount of $30,000 to the approved fee request, but that sale proceeds held in escrow in the amount of $33,250 are to remain in escrow until further order of the Court.

  Further, the Fee Applications of Paley Rothman and Saul Ewing are granted on an interim basis and without prejudice to further review by the Court and without prejudice to any claim or cross-claim of any party in interest, as set forth herein and as set forth in the Order accompanying this Memorandum of Decision.

Cc:

Wendelin I. Lipp, Esq.
Paley Rothman, et al.
4800 Hampden Lane, 7th Floor
Bethesda, MD 20814

Irving E. Walker, Esq.
Saul Ewing, LLP
100 S. Charles Street
Baltimore, MD 21201
Office of the U.S. Trustee
6303 Ivy Lane, Suite 600
Greenbelt, MD 20770

Cheryl E. Rose, Esq.
50 W. Edmonston Drive, Suite 600
Rockville, MD 20852

John Garza
Garza, Regan & Associates
17 W. Jefferson Street, Suite 200
Rockville, MD 20850

Janet M. Nesse, Esq.
Morrison & Hecker
1150 18th Street, N.W., Suite 800
Washington, DC 20036

Kenneth W. Irvin, Esq.
William McCarron, Jr., Esq.
Morrison & Foerster, LLP
2000 Pennsylvania Avenue, N.W. Suite 5500
Washington, DC 20006

Morton A. Faller, Esq.
11921 Rockville, Pike, 3d Floor
Rockville, MD 20852

Richard L. Costella, Esq.
Miles & Stockbridge, P.C.
10 Light Street
Baltimore, MD 21202

**End of Memorandum of Decision**