

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | * | |
| ALEXUS INTERNATIONAL, INC., | * | Case No. 04-26864-NVA (Chapter 7) |
| Debtor. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF DECISION REGARDING INTERIM ORDER
GRANTING, IN PART, APPLICATION [165] FOR ALLOWANCE
OF COMPENSATION AND REIMBURSEMENT OF
<u>EXPENSES OF GARZA, REGAN & ASSOCIATES</u>**

On February 1, 2005, the Court conducted a hearing (the "Hearing") to consider six applications for compensation submitted by various professionals for services rendered and reimbursement of expenses incurred on behalf of the Debtor and/or the Official Committee of Unsecured Creditors (collectively, the "Fee Applications") before the case was converted from a case under Chapter 11 of the Bankruptcy Code to a case under Chapter 7 of the Bankruptcy Code. This Memorandum of Decision and its accompanying Order address the First and Final Application [165] for Allowance of Compensation and Reimbursement of Expenses for Garza,

Regan & Associates ("Garza"), prior counsel for the Debtor, which seeks fees in the amount of $40,137.00 and expenses in the amount of $1,331.38 (the "Garza Fee Application").

Five parties objected to Garza's Fee Application, including the Official Committee of Unsecured Creditors (the "Committee") [168], Quince Diamond Limited Partnership ("Quince Diamond") [170], the U.S. Trustee [171], the Debtor [172] and the Chapter 7 Trustee [222]. The objections to the Garza Fee Application assert, generally speaking, that the services provided to the Debtor were inadequate, ill-conceived and of minimal benefit to the estate.

At the Hearing, the Chapter 7 Trustee asked the Court to defer entering an order regarding the Garza Fee Application for 90 days so that she could investigate the necessity for further action against Garza without running afoul of *res judicata* principles set forth in *Grausz v. Englander*, 321 F. 3d. 467 (4th Cir. 2003). The Chapter 7 Trustee appears to be concerned that allowance of Garza's Fee Application may bar her under *Grausz* from pursuing a potential claim against Garza, the merits of which she had not evaluated at the time of the Hearing. The court in *Grausz* found, among other things, that the order approving the law firm's final fee application was a final judgment on the merits, that the debtor-client could not bring a malpractice claim against his lawyers because he did not object to their fee application, which fee application sought compensation for the very services he later said he found unsatisfactory. *Grausz*, 321 F. 3d at 472. The *Grausz* court also held that the malpractice action arose from the same core of operative facts as the fee application, and that the Debtor's malpractice claim was barred by principles of *res judicata. Id.* at 473.

As a consequence of these concerns raised by the Trustee, the Court announced at the Hearing that its ruling would be limited to the allowance of fees and that no record or ruling was

made as to any alleged malpractice of the Garza firm or of Mr. Garza individually, or as to any indemnification or other claims Garza may have against others.  The Court also asked all applying counsel whether they would agree to the entry of an order awarding fees and reimbursement of expenses on an <u>interim</u> basis without prejudice to further review by this Court, and without prejudice to any claim or cross-claim of any party in interest.  Current counsel for the Debtor, Paley, Rothman, Goldstein, Rosenberg, Eig & Cooper Chtd. ("Paley Rothman") and counsel for the Committee, Saul Ewing, LLP ("Saul Ewing"), each agreed to accept an interim award for this purpose.  At the time, Garza indicated that it was not willing to do so.

On June 20, 2005, the Court held another hearing in this Chapter 7 case unrelated to the Fee Applications (the "June 20 Hearing").  Garza indicated during the June 20 Hearing that it now agreed to entry of an interim order on the Garza Fee Application, awarding fees and reimbursement of expenses on the same interim basis as had been agreed to by Paley Rothman and Saul Ewing.  Section 331 of the Bankruptcy Code permits interim compensation, and orders entered allowing interim fees are not final orders.  11 U.S.C. §331; *Guinee v. Toombs (In re Kearing)*, 170 B.R. 1, 12 (citing *In re Callister*, 673 F. 2d 305, 307 (10th Cir. 1982); *see also In re Energy Cooperative, Inc.*, 55 B.R. 957, 965 (interim allowance of fees is always subject to court's re-examination and are refundable to the estate in cases of misconduct).

Accordingly, having considered the Garza Fee Application, the objections thereto, the testimony, pleadings and the record in this matter, the Court finds that the objections raised certain significant questions as to services rendered by Garza to the Debtor and the benefit of such services to the estate, but the Court does not believe, as urged by certain of the objections, that the evidence supports a complete denial of fees.  The Court finds that there is justification

for a reduction in the amount of fees sought.  To that end, the Court has reviewed carefully the Garza Fee Application and Summary Billing Statement attached to the application as Exhibit A, and considered carefully the testimony presented at the Hearing.  The Court finds that the following reductions to the Garza Fee Application are appropriate: in Category One (General Case Administration), the Court finds that the fees sought should be reduced by $4,232.00; in Category Two (Quince Diamond - Landlord Issue), the Court finds that the fees sought should be reduced by $2,280.00; in Category Three (Issues Relating to Cash Collateral), the Court finds that the fees sought should be reduced by $150.00; and in Category Five (Sale of Assets), the Court finds that the fees sought should be reduced by $1,490.00.  The total reduction in fees totals $8,152.00.

      Further, the Garza Fee Application is awarded on an interim basis and without prejudice to further review by the Court and without prejudice to any claim or cross-claim of any party in interest, as set forth herein and as set forth in the Order accompanying this Memorandum of Decision.

Cc:

Office of the U.S. Trustee
6303 Ivy Lane, Suite 600
Greenbelt, MD 20770

Cheryl E. Rose, Esq.
50 W. Edmonston Drive, Suite 600
Rockville, MD 20852

John Garza
Garza, Regan & Associates
17 W. Jefferson Street, Suite 200
Rockville, MD 20850

Wendelin I. Lipp, Esq.
Paley Rothman, et al.
4800 Hampden Lane, 7th Floor
Bethesda, MD 20814

Irving E. Walker, Esq.
Saul Ewing, LLP
100 S. Charles Street
Baltimore, MD 21201

Janet M. Nesse, Esq.
Morrison & Hecker
1150 18th Street, N.W., Suite 800
Washington, DC 20036

Kenneth W. Irvin, Esq.
William McCarron, Jr., Esq.
Morrison & Foerster, LLP
2000 Pennsylvania Avenue, N.W. Suite 5500
Washington, DC 20006

Morton A. Faller, Esq.
11921 Rockville, Pike, 3d Floor
Rockville, MD 20852

Richard L. Costella, Esq.
Miles & Stockbridge, P.C.
10 Light Street
Baltimore, MD 21202

**End of Memorandum of Decision**